**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**

**RICHARD COUGHLIN**　　　　　　　　　1002 Broad Street　　　　　　　　　**CHESTER M. KELLER**
FEDERAL PUBLIC DEFENDER　　　　　Newark, New Jersey 07102　　　　　　　FIRST ASSISTANT

(973) 645-6347   Telephone
(973) 645-3101   Facsimile

September 19, 2014

**SUBMITTED UNDER SEAL**
Hon. Katharine S. Hayden, U.S.D.J.
United States District Court, District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse
P.O. Box 999
Newark, New Jersey 07101-0999

      Re:   United States v. Jackson
               Crim. No. 13-290 (KSH)

Dear Judge Hayden:

    Please accept this brief sur-reply to the government's reply to defendant John Jackson's opposition to the government's motion to admit certain evidence as intrinsic or, alternatively, pursuant to Fed. R. Evid. 404(b). Upon further review of the government's reply, Mr. Jackson realized that the government is either misreading or vastly expanding the scope of an allegation in the Indictment, and is seeking to admit evidence based on that misreading.

    Specifically, the government suggests that paragraph 3.p.i. alleges that "the defendants lied to obtain custody of the adopted children,", and claims that evidence of the Jacksons' corporal punishment of the biological children is necessary to prove this particular allegation. *See* Gov't reply at 8. In fact, paragraph 3.p.i, does *not* allege that the Jacksons lied about their corporal punishment of the *biological* children in order to obtain custody of the adoptive children. Rather, it alleges that the Jacksons misled various medical, law enforcement, and social service personnel about their treatment of the *adoptive* children. Specifically, Count 1 at ¶ 3.p.i. alleges that:

        p.   The defendants misled medical professionals, law enforcement officials, U.S. Army officials, and child protective service officials in Oklahoma, New Jersey, and Indiana through a variety of methods, including by:
            i.   failing to reveal the methods they used to discipline

the Jackson *foster/adoptive children*[.]

(Emphasis added.)[1]

When the allegation is read correctly, two things become clear. First, as Mr. Jackson argued in his opposition, evidence of the Jacksons' corporal punishment of the biological children is simply not probative of the actual allegation set forth in paragraph 3.p.i. In other words, evidence of the Jacksons' corporal punishment of the biological children is not necessary to prove that the Jacksons misled various professionals about their treatment of the adoptive children. The two are entirely different threads of evidence and allegations.

Second, in addition to misreading or attempting to rewrite the Indictment, the government is apparently serving belated notice that it seeks to introduce evidence of an additional uncharged act, *i.e.*, that the Jacksons lied about their treatment of the biological children.[2] This is Rule 404(b) evidence, and it, too, is inadmissible. First, the evidence is not relevant and, even if nominally relevant, is unduly prejudicial, as it risks confusing the issues. The use of corporal punishment is not illegal, and the Jacksons are not charged with using corporal punishment. Evidence that they lied about their corporal punishment of the biological children threatens to conflate the perfectly legal use of corporal punishment with what is alleged to be illegal abuse of the adoptive children. Moreover, it is propensity evidence, suggesting that if the Jacksons lied about their use of corporal punishment of the biological children, then they must be lying about abusing their adoptive children. This evidence should be excluded pursuant to Rule 403 and/or Rule 404(b).

Respectfully submitted,

_____
Carol Gillen
David A. Holman
Attorneys for John E. Jackson

---

1 The other allegations set forth in ¶ p also pertain to the adoptive children. This section of the indictment lists the "methods and means" by which the Jacksons allegedly conspired to endanger the welfare of the adoptive children.

2 The government failed to identify this evidence in its initial papers, depriving Mr. Jackson of the opportunity to object. Indeed, the word "lie" appears nowhere in the government's initial motion papers.